1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
3  MARK L. KROTOSKI (CASBN 138549)
   Chief, Criminal Division
4  ANDREW M. SCOBLE (CASBN 124940)
   ALEXIS HUNTER (NYSBN 3939824)
5  Assistant United States Attorneys

6    450 Golden Gate Ave.
     San Francisco, California  94102
7    Telephone:  (415) 436-7249
     Fax:  (415) 436-7234
8    E-Mail:   andrew.scoble@usdoj.gov
               alexis.hunter@usdoj.gov
9
10 Attorneys for Plaintiff

11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
                       SAN FRANCISCO DIVISION
14

15

16 | UNITED STATES OF AMERICA,           )   No.:  CR 06-0428 SI
                                         )
17 |         Plaintiff,                  )
                                         )
18 |    v.                               )   [PROPOSED] ORDER EXCLUDING
                                         )   TIME FROM SPEEDY TRIAL ACT
                                         )   COMPUTATION
19 | RICHARD WONG,                       )
     BARTHOLOMEW JOSEPH ALEXIS,          )
20 | TOMMY TZEMAN CHOW,                  )
     I CHING CHU,                        )
21 | THEODORE HONNIBALL,                 )
     JEFFREY RANDALL JOE,                )
22 | GENARO VALENTINE LOPEZ,             )
     EDGAR ALLEN SANCHEZ,                )
23 | EDWIN GORDON TOY, and               )
     PHAT VAN VUONG,                     )
24 |                                     )
             Defendants.                 )
25 |                                     )

26

27    All defendants except Bart Alexis and Edgar Allen Sanchez appeared before the Court on

28 September 1, 2006 at 11:00 a.m.  Bart Alexis and Edgar Allen Sanchez have never been arrested

   and are still being sought by the government as fugitives.

1    At the hearing, the parties – with the exception of defendant Phat Van Vuong, who
2 repeated his previous position and objected to a further continuance – jointly requested a
3 continuance of this case until October 20, 2006 at 11:00 a.m. At that next appearance, the parties
4 will be expected to discuss a motions hearing and briefing schedule, and to discuss a trial date for
5 a trial grouping that includes defendant Vuong.
6    The parties (with the exception of defendant Vuong) agreed in open Court, with their
7 attorneys' concurrence, that this case should be declared legally and factually complex, and that it
8 is appropriate to exclude from the otherwise applicable Speedy Trial Act computation the period
9 from the inception of the case through October 20, 2006. The parties represented that the
10 underlying investigation pertains to three related prosecutions, all of which stem from the same
11 wiretap investigation. The parties represented that the three cases in the aggregate involve
12 voluminous discovery (up to 150,000 pages, taking into account seized computer data), include
13 wiretap materials which pertain to some defendants in this case, and involve search warrants and
14 investigations by a number of local, state, and federal law enforcement agencies. Further, this
15 case encompasses ten defendants. Accordingly, the parties agreed, the entire period from the
16 inception of this case through and including October 20, 2006, should be excluded from the
17 otherwise applicable Speedy Trial Act computation, because the legal and factual complexity
18 renders it unreasonable to expect adequate preparation for pretrial proceedings and for the trial
19 within the otherwise applicable time limits set forth in the Speedy Trial Act.
20    Based upon the above-described representations and the parties' agreement in open
21 Court, THE COURT FINDS THAT the ends of justice served by granting a continuance from the
22 inception of this case through and including October 20, 2006 outweigh the best interest of the
23 public and the defendants in a speedy trial, and that the case is so legally and factually complex,
24 due to the nature of the prosecution (including the volume and range of discovery, and the nature
25 of the underlying investigation) and the number of defendants, that it is unreasonable to expect
26 adequate preparation for pretrial proceedings and for the trial within the otherwise applicable
27 //
28 //
//

ORDER EXCLUDING TIME            2

time limits set forth in the Speedy Trial Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).

Accordingly, THE COURT ORDERS THAT:

1. This case is continued to October 20, 2006 at 11:00 a.m. for further status, setting of motions, and setting trial for a trial group which includes defendant Vuong.

2. The period from the inception of this case through and including October 20, 2006 is excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).

IT IS SO ORDERED.

DATED:

        HON. SUSAN ILLSTON
        United States District Judge

ORDER EXCLUDING TIME        3