1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney

2

3  MARK L. KROTOSKI (CASBN 138549)
   Chief, Criminal Division

4  ANDREW M. SCOBLE (CASBN 124940)
   ALEXIS HUNTER (NYSBN 3939824)

5  Assistant United States Attorneys

6     450 Golden Gate Ave.
      San Francisco, California  94102

7     Telephone:  (415) 436-7249
      Fax:  (415) 436-7234

8     E-Mail:     andrew.scoble@usdoj.gov
                  alexis.hunter@usdoj.gov

9

10  Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14

15

16  UNITED STATES OF AMERICA,          )    No.:  CR 06-0428 SI
                                       )
17        Plaintiff,                   )
                                       )
18     v.                              )    [PROPOSED] ORDER EXCLUDING
                                       )    TIME FROM SPEEDY TRIAL ACT
                                       )    COMPUTATION
19  RICHARD WONG,                      )
    BARTHOLOMEW JOSEPH ALEXIS,         )
20  TOMMY TZEMAN CHOW,                 )
    I CHING CHU,                       )
21  THEODORE HONNIBALL,                )
    JEFFREY RANDALL JOE,               )
22  GENARO VALENTINE LOPEZ,            )
    EDGAR ALLEN SANCHEZ,               )
23  EDWIN GORDON TOY, and              )
    PHAT VAN VUONG,                    )
24                                     )
          Defendants.                  )
25  _____  )

26

27        All defendants except Bart Alexis and Edgar Allen Sanchez (who remain fugitives) and I

28  Ching Chu and Genaro Lopez (whose appearances had been waived by stipulation and order)

    appeared before the Court on October 20, 2006 at 11:00 a.m.

1    At the hearing, the Court set a trial date for the first trial group.  The trial of defendants

2    Phat Van Vuong, Tommy Chow and Theodore Honniball will commence on April 16, 2007 at

3    8:30 a.m.  By November 13, 2006, the government is to inform defense counsel which

4    documents apply to their case, with descriptions and Bates numbers of the documents.  The

5    Pretrial Conference will take place on April 3, 2006 at 3:30 p.m.  Jencks material is to be

6    produced on or before February 28, 2006.  Defendants shall set pretrial motions pursuant to the

7    applicable Local Rules when they are ready.

8    For the remaining defendants, the Court set a status hearing and pretrial motions hearing

9    date of December 15, 2006 at 11:00 a.m.  All defense motions are to be filed and hand served by

10   November 24, 2006.  Government oppositions are to be filed and hand served by December 6,

11   2006.  Defense replies (if any) are to be filed and hand served by December 12, 2006.  The

12   parties shall hand serve Chambers with a courtesy copy of each filing.

13   The parties (with the exception of defendant Vuong) agreed in open Court, with their

14   attorneys' concurrence, that this case should be declared legally and factually complex, and that it

15   is appropriate to exclude from the otherwise applicable Speedy Trial Act computation the entire

16   period from October 20, 2006 through and including December 15, 2006.  The parties have

17   represented that the underlying investigation pertains to three related prosecutions, all of which

18   stem from the same wiretap investigation.  The parties have also represented that the three cases

19   in the aggregate involve voluminous discovery (up to 150,000 pages, taking into account seized

20   computer data), include wiretap materials which pertain to some defendants in this case, and

21   involve search warrants and investigations by a number of local, state, and federal law

22   enforcement agencies.  Further, this case encompasses ten defendants.  Accordingly, the parties

23   agreed, the period from October 20, 2006 through and including December 15, 2006, should be

24   excluded from the otherwise applicable Speedy Trial Act computation, because the legal and

25   factual complexity of the case, the volume of discovery and the number of defendants render it

26   unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the

27   otherwise applicable time limits set forth in the Speedy Trial Act.  Further, the parties agreed that

28   failure to grant the requested continuance would unreasonably deny the defendants continuity of

counsel and the reasonable time necessary for effective preparation, taking into account the

ORDER EXCLUDING TIME                    2

1   exercise of due diligence.

2       Further, with the exception of defendant Phat Van Vuong, whose prior speedy trial

3   objections have been raised and previously determined by this Court, the defendants going to

4   trial on April 16, 2007 agreed to a Speedy Trial continuance on similar grounds for the period

5   from October 20, 2006 through and including April 16, 2007.  Specifically, they agreed that the

6   legal and factual complexity of the case, the volume of discovery and the number of defendants

7   (which includes nine defendants named in the conspiracy charge in Count One) render it

8   unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the

9   otherwise applicable time limits set forth in the Speedy Trial Act.  Further, they agreed that

10  failure to grant the requested continuance would unreasonably deny the defendants continuity of

11  counsel and the reasonable time necessary for effective preparation, taking into account the

12  exercise of due diligence.

13      Based upon the above-described representations and the parties' agreement in open

14  Court, THE COURT FINDS THAT the ends of justice served by granting a continuance from

15  October 20, 2006 through and including December 15, 2006 outweigh the best interest of the

16  public and the defendants in a speedy trial, and that the case is so legally and factually complex,

17  due to the nature of the prosecution (including the volume and range of discovery, and the nature

18  of the underlying investigation) and the number of defendants, that it is unreasonable to expect

19  adequate preparation for pretrial proceedings and for the trial within the otherwise applicable

20  time limits set forth in the Speedy Trial Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) &

21  (B)(ii).  THE COURT FURTHER FINDS THAT failure to grant the requested continuance

22  would unreasonably deny the defendants continuity of counsel and the reasonable time necessary

23  for effective preparation, taking into account the exercise of due diligence, within the meaning of

24  18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

25      With respect to defendants Vuong, Chow and Honniball, THE COURT FINDS THAT

26  the ends of justice served by granting a continuance from October 20, 2006 through and

27  including April 16, 2007 outweigh the best interest of the public and the defendants in a speedy

28  trial, and that the case is so legally and factually complex, due to the nature of the prosecution

(including the volume and range of discovery, and the nature of the underlying investigation) and

ORDER EXCLUDING TIME                        3

1    the number of defendants, that it is unreasonable to expect adequate preparation for pretrial

2    proceedings and for the trial within the otherwise applicable time limits set forth in the Speedy

3    Trial Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).  THE COURT FURTHER

4    FINDS THAT failure to grant the requested continuance would unreasonably deny the

5    defendants continuity of counsel and the reasonable time necessary for effective preparation,

6    taking into account the exercise of due diligence, within the meaning of 18 U.S.C. §

7    3161(h)(8)(A) & (B)(iv).

8           Accordingly, THE COURT ORDERS THAT:

9           1.      This case is continued to December 15, 2006 at 11:00 a.m. for further status and

10   for hearing on defense motions.  Defendants shall file and hand serve all motions by November

11   24, 2006; the government shall file and hand serve its oppositions by December 6, 2006; and the

12   defendants shall file and hand serve their reply briefs (if any) by December 12, 2006.  All parties

13   are ordered to hand serve courtesy copies to Chambers on or before these same dates.

14          2.      The period from October 20, 2006 through and including December 15, 2006 is

15   excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18 U.S.C. §

16   3161(h)(8)(A) & (B)(ii) & (iv).

17          3.      The trial of defendants Phat Van Vuong, Tommy Chow and Theodore Honniball

18   will commence on April 16, 2007.  By November 13, 2006, the government is to inform defense

19   counsel which documents apply to their case, with document descriptions and Bates numbers.

20   The Pretrial Conference will take place on April 3, 2006 at 3:30 p.m.  Jencks material is to be

21   produced on or before February 28, 2006.  Defendants shall set pretrial motions pursuant to the

22   applicable Local Rules when they are ready.

23          4.      As to defendants Vuong, Chow and Honniball, the period from October 20, 2006

24   through and including April 16, 2007 is excluded from the otherwise applicable Speedy Trial Act

25   computation, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B)(ii) & (iv).

26          IT IS SO ORDERED.

27

28   DATED: _____

                         HON. SUSAN ILLSTON
                         United States District Judge

ORDER EXCLUDING TIME                    4