IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD WONG, et al.,<br><br>    Defendants.<br>_____/ | No. CR 06-428 SI<br><br>**ORDER GRANTING DEFENDANT WONG'S MOTION FOR A BILL OF PARTICULARS** |

On February 2, 2007, the Court heard oral argument on defendant Wong's motion for a bill of particulars. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion as set forth below.

## LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provide that the Court may in its discretion require a bill of particulars where necessary to inform the defendant of the charges against him, to minimize the danger of surprise at trial, to prepare for the defense, and to protect against double jeopardy. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984). The Ninth Circuit has held that, in deciding whether to order a bill of particulars, a court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.*

## DISCUSSION

Defendant Wong moves for a bill of particulars as to Count 1 of the indictment. That count

alleges,

> On or about and between a date unknown to the Grand Jury but no later than January 12, 2001 and June 22, 2005, in the Northern District of California, and elsewhere, the defendants Richard Wong, Bartholomew Joseph Alexis, Tommy Tzeman Chow, I Ching Chu, Theodore Honniball, Jeffrey Randall Joe, Edgar Allen Sanchez, Edwin Gordon Toy, and Phat Van Vuong, and others did knowingly and intentionally conspire to manufacture (cultivate), to possess with intent to distribute, and to distribute a controlled substance, to wit: one thousand or more marijuana plants, and did knowingly aid and abet such conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2.

Wong is also named in 15 counts related to specific alleged marijuana grow sites, and 1 count for conspiracy to possess and distribute MDMA.

Defendant contends the general language of Count 1 renders it impossible for him to prepare a defense to this count. Defendant argues that it is conceivable that he could be acquitted of each specific count alleged in the indictment, yet only be convicted of the general conspiracy count. Defendant further argues that even if he were acquitted of Count 1, there is nothing to prevent another prosecution for the same activities with a slight change in the wording of this general allegation by narrowing the dates or the number of co-conspirators.

Wong seeks the same categories of particulars as previously ordered by this Court in *United States of America v. Enrique Chan, et al.*, CR 05-375. In *Chan*, the Court ordered the government to provide the following particulars with respect to defendants who, like Wong in this case, are named in a general conspiracy count and who are also named in other counts related to specific alleged grow sites:

1. That the government state the manner in which Wong and each alleged co-conspirator contributed to the charged conspiracy, and the times and places of said participation;

2. That the government specify whether Wong and each alleged co-conspirator is charged with unlawful manufacture or possession of all seized marijuana or whether Wong and each alleged co-conspirator is attributed with manufacture or possession of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator; and

3. That the government specify whether Wong and each alleged co-conspirator is charged with the intent to distribute, or distribution, of all seized marijuana, or whether Wong and each alleged co-conspirator is attributed with intent to distribute, or distribution, of a

lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator.[1]

The government responds that the charging language, court pleadings such as search warrant affidavits, and the discovery provided to date sufficiently inform defendant of the charges against him. The government also asserts that since much, if not all, of the discovery was provided in 2005, defendant will have ample time to review the discovery and prepare for trial.

The Court concludes that defendant is entitled to a bill of particulars. Count 1 as currently alleged is too general to provide defendant with notice of the charge he is facing. The Court is not persuaded by the government's assertion that the indictment, combined with a search through the extremely voluminous and diverse discovery produced in this case, will sufficiently apprise Wong of the charge against him in Count 1. Wong's counsel has submitted a declaration stating that so far there are at least 150,000 pages of discovery, and that Assistant United States Attorney Andy Scoble has at times described the amount of documentary discovery as totaling over 200,000 pages. *See* Vizzi Decl. ¶ 2. Vizzi also states that discovery includes non-documentary evidence reflected in at least 22 CDs containing approximately 111,250 TIFF images, 25 CDs containing approximately 1,250 photographs, 22 CDs containing approximately 5,800 minutes of audio recordings, and 30 CDs containing approximately 900 minutes of video surveillance. *Id.* Vizzi states that many but not all of the documents are searchable by defendant's name, and that "due to the volume of the discovery and difficulty presented by the vastness of this investigation, the task [of searching discovery specifically for evidence related to Wong] is not yet completed and could not be completed adequately in the near future without additional information provided by the government . . . ." *Id.* ¶ 3.

As the government has repeatedly acknowledged, this case and the two related cases are factually and legally complex, encompass numerous alleged conspiracies, and involve dozens of defendants and alleged grow-sites. Under these circumstances, and particularly in light of the fact that Wong is a

---

[1] Wong is also named as a defendant in the *Chan* case. In *Chan*, Wong is indicted on a general conspiracy count but is not indicted on any additional counts linked to specific alleged grow sites. In *Chan*, the Court granted Wong's motion to compel the three particulars listed *supra*, as well as the additional particular that the government state the specific grow site or sites with which Wong is alleged to be involved.

3

defendant in the *Chan* case facing similar charges, the Court finds that a bill of particulars is warranted to provide defendant with adequate notice, allow for trial preparation, and avoid double jeopardy. *See Long*, 706 F.2d at 1054.

Accordingly, the Court GRANTS defendant's motion and orders the government to provide the following particulars as to Count 1:

1. That the government state the manner in which Wong and each alleged co-conspirator contributed to the charged conspiracy, and the times and places of said participation;

2. That the government specify whether Wong and each alleged co-conspirator is charged with unlawful manufacture or possession of all seized marijuana or whether Wong and each alleged co-conspirator is attributed with manufacture or possession of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator; and

3. That the government specify whether Wong and each alleged co-conspirator is charged with the intent to distribute, or distribution, of all seized marijuana, or whether Wong and each alleged co-conspirator is attributed with intent to distribute, or distribution, of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant Wong's motion for a bill of particulars. (Docket No. 110).

**IT IS SO ORDERED.**

Dated: February 2, 2007

SUSAN ILLSTON
United States District Judge